## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN BROCK, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:16-CV-1545-G-BH |
| | § | |
| RJT PROPERTY and MANAGEMENT | § | |
| LLC, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* foreclosure case has been automatically referred for full case management.  Before the Court for recommendation are *Defendant Michael Burns Motion to Dismiss the Plaintiff's Complaint Under FRCP 12(b)(6)*, filed July 6, 2016 (doc. 17), and *Defendant RJT Property and Management LLC Motion to Dismiss the Plaintiff's Complaint under FRCP 12(b)(6)*, filed July 6, 2016 (doc. 19).  Based upon the relevant filings and applicable law, both motions should be **GRANTED**.

### I. BACKGROUND

On June 9, 2016, Marvin Brock (Plaintiff) filed this *pro se* action against RJT Property and Management LLC (RJT) and RJT's attorney, Michael Burns (Attorney), based upon the foreclosure and eviction proceedings of residential property located at 521 Thomas Trail, Seagoville, Texas 75159 (the Property).  (*See* doc. 1.)

On May 31, 2010, Plaintiff and his wife executed a "mortgage contract" on the Property, as well as a deed of trust where RJT was the mortgage servicer.  (*See* doc. 4-1 at 1.)[1]  On December 1, 2015, he and his wife notified RJT that they "revoked" and "rescinded" their signatures on the

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

"mortgage contract" and refused to make further payments.  (*See id.*)  RJT initiated foreclosure and subsequently acquired ownership of the Property by virtue of a foreclosure sale.  (*See* doc. 17 at 1.) They refused to vacate the Property, and RJT filed eviction proceedings and obtained an eviction judgment from the Dallas County Court at Law No. 5 on March 31, 2016.  (*See id.*)  Plaintiff contested the eviction and filed this suit alleging wrongful foreclosure and violations of the Truth in Lending Act (TILA).  (*See* docs. 1, 4.)  It may also be liberally construed as asserting claims under the "show-me-the-note" theory and for injunctive relief.  (*See id.*)  He also filed an emergency motion for temporary restraining order on June 9, 2016 (doc. 4), which was denied on the same day (doc. 9).[2]

On July 6, 2016, both defendants filed motions to dismiss for failure to state a claim against them.  (docs. 17, 19.)  Plaintiff filed a motion to strike both motions to dismiss (doc. 22) that was denied on July 22, 2016 (doc. 25).  The defendants filed replies on August 9, 2016.  (docs. 27, 28.) Both motions are ripe for recommendation.

## II.  RULE 12(b)(6)

RJT moves to dismiss under Fed. R. Civ. P. 12(b)(6), alleging failure to state a claim and that any claim under TILA is barred by the applicable statute of limitations.  (*See* doc. 19 at 2-3.)  Attorney alleges that Plaintiff fails to allege any cause of action against him individually.  (*See* doc. 17 at 2.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face

---

[2]  Plaintiff has filed at least seven other lawsuits in which he also sought  a temporary restraining order in the state district courts of Dallas County and the federal bankruptcy courts for the Northern District of Texas. *See Brock v. RJT Prop. & Mgmt., LLC*, No. DC-16-12247 (134th Dist. Ct., Dallas County, Tex. Sept. 20, 2016); *Brock v. RJT Prop. & Mgmt., LLC*, No. DC-16-10872 (95th Dist. Ct., Dallas County, Tex. Aug. 31, 2016);  *In re Marvin Brock*, No. 16-32470-HDH7 (Bankr. N.D. Tex. June 30, 2016); *Brock v. RJT Prop. & Mgmt., LLC*, No. DC-16-0688 (134th Dist. Ct., Dallas County, Tex. June 10, 2016); *Brock v. RJT Prop. & Mgmt., LLC*, No. DC-15-11958 (134th Dist. Ct., Dallas County, Tex. Sept. 30, 2015); *Brock v. RJT Prop. & Mgmt., LLC*, No. DC-15-07330 (134th Dist. Ct., Dallas County, Tex. June 30, 2015); *Brock v. RJT Prop. & Mgmt., LLC*, No. DC-15-14321 (134th Dist. Ct., Dallas County, Tex. Nov. 25, 2015).  All have been dismissed.

of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570;

*accord Iqbal*, 556 U.S. at 678.

**A.      RJT**

Plaintiff alleges claims of wrongful foreclosure and violation of TILA against RJT.  (*See* docs. 1, 4.)  His pleadings can also be liberally construed as asserting claims under the "show-me-the-note" theory and for injunctive relief.

### *1.      TILA*

Plaintiff claims that he sent RJT notification of his "rescission of the loan and signatures" but it failed to fulfill its "statutory obligation to take possession of the property within 20 days of receiving the notice" of rescission pursuant to 15 U.S.C. § 1635 of TILA.  (doc. 4 at 2-3).  He appears to be referring to the mortgage note and deed of trust on the Property where RJT is the mortgage servicer. (doc. 4-1 at 1-2.)

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers."  *Schieroni v. Deutsche Bank Nat. Trust Co.*, No. H-10-663, 2011 WL 3652194 at *3 (S.D. Tex. Aug. 18, 2011) (citations omitted); *see also* 15 U.S.C. § 1601; 12 C.F.R. § 226.1(b).  In certain credit transactions involving a lien on the borrower's principal dwelling, the borrower has "the right to rescind the transaction until midnight of the third business day following [its] consummation."  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a).  The creditor must disclose this right to the borrower and provide him with the appropriate forms to enable him to exercise it.  *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b).

TILA expressly provides that the right of rescission does not apply to residential mortgage transactions.  15 U.S.C. § 1635(e)(1); *Green v. Bank of America, N.A.*, No. H-13-1092, 2013 WL 3937070 at *5 (S.D. Tex. July 30, 2013).  A residential mortgage transaction is "a transaction in which

a mortgage [or] deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x); *Green*, 2013 WL 3937070 at *5. Because Plaintiff's mortgage is a residential mortgage, his right of rescission claim under TILA necessarily fails.

Even if the right of rescission was applicable, the limitations period for a right of rescission claim under TILA is "three years after the date of the consummation of the transaction . . . notwithstanding the fact that the information and forms required under [§ 1635(a)] or any other disclosures . . . have not been delivered to the obligor." 15 U.S.C. § 1635(f). TILA "permits no federal right to rescind . . . after the 3-year period of § 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). Courts have held that § 1635(f) "mirrors a typical statute of repose" in that it absolutely bars rescission claims filed more than three years after the loan transaction is consummated. *See Renfrow v. CTX Mortg. Co.*, *LLC*, No. 3:11-CV-3132-L, 2012 WL 3582752 at *5 (N.D. Tex. Aug. 20, 2012) (collecting cases). Because Plaintiff's loan transaction was consummated on May 31, 2010, the statute of limitations on any right of rescission violation began to run on that date and expired before he filed this action. *See Val-Com Acquisitions Trust v. Bank of America*, *N.A.*, No. 3:10-CV-01965-M, 2011 WL 2312284 at *2 (N.D. Tex. June 9, 2011); *see also* 15 U.S.C. § 1635(a). Because he presents no reasons or arguments for tolling of the statute, his right of rescission claim under TILA is also subject to dismissal as time-barred.

### 2. *Wrongful Foreclosure*

Plaintiff bases his claim of wrongful foreclosure on allegations that RJT does not have standing to foreclose because of its failure to comply with TILA. (*See* doc. 4.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud,

and unfairness in foreclosure proceedings.  *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex.

2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)).  In Texas, "a debtor may

recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery

of an inadequate price of the property."  *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-

00972-M, 2011 WL 3347920 at *2 (N.D. Tex. Aug. 1, 2011).  The plaintiff must prove: "(1) a defect

in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection

between the defect and the grossly inadequate selling price."  *Hurd v. BAC Home Loans Servicing,*

*LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d

135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).  A procedural defect may occur when the

foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such

terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure

proceedings."  *Matthews*, 2011 WL 3347920 at *2.  Recovery is not available merely upon the

showing of a defect in the foreclosure process; "it is also necessary that there be [a] [grossly]

inadequate selling price resulting from the defect."  *Biggers v. BAC Home Loans Servicing, LP*, 767

F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Plaintiff alleges that RJT's actions in initiating foreclosure and eviction are wrongful given its

failure to comply with TILA.  (doc. 4 at 1-3.)  Because his wrongful foreclosure claim is based on an

invalid TILA violation claim and his complaint does not state any facts supporting the elements of

wrongful foreclosure, his claim necessarily fails.  Moreover, his statement that he still resides in the

Property (*id*. at 2) is fatal to any wrongful foreclosure action, since recovery for wrongful foreclosure

"is based on the mortgagor's [lost] possession."  *See Petersen v. Black*, 980 S.W.2d 818, 823 (Tex.

App.—San Antonio 1998, no pet.) (holding that "[w]here the mortgagor's possession is undisturbed,

he has suffered no compensable damage"). Plaintiff's wrongful foreclosure claim should be dismissed.

### 3. *"Show-me-the-Note" Theory*

Here, Plaintiff seeks a "judgment ordering . . . [RJT to] return the original wet-ink signature of the promissory note." (doc. 4 at 3.) This allegation necessarily implicates the "show-me-the-note" theory. *See Carrie v. Chase Home Finance*, No. 3:12-CV-852-G, 2013 WL 704943 at *4 (N.D. Tex. Feb.1, 2013)*, rec. adopted,* 2013 WL 705865 (N.D. Tex. Feb. 27, 2013).

"Advocates of [the "show-me-the-note"] theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987 at *2 (W.D. Tex. Apr. 26, 2011) (internal quotations omitted). This theory has been widely rejected by courts in Texas. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254–55 (5th Cir. 2013). "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307 at *3 (W.D. Tex. July 25, 2011).

Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190 at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem.op.). When the lender seeks a personal judgment against the borrower, it "must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument." *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-

XR, 2012 WL 1029497 at *3 (W.D. Tex. Mar. 26, 2012).[3]   By contrast, "[f]oreclosure is an

independent action against the collateral" that "enforces the deed of trust, not the underlying note."

*Reardean*, 2011 WL 3268307 at *3.   Chapter 51 of the Texas Property Code governs the procedure

for enforcing the "power of sale conferred by a deed of trust or other contract lien."   Tex. Prop. Code

§ 51.002.

Plaintiff's claim that RJT must return the original wet-ink signature of the promissory note is

unavailing.  *See Martins*, 722 F.3d at 255.   To the extent any of his claims are based on the "show-me-

the-note" theory, they are subject to dismissal for failure to state a claim.[4]

### 4.      Injunctive Relief

Plaintiff seeks a "restraining order" to enjoin RJT from eviction proceedings and from

"preventing the foreclosure of [the Property]."   (docs. 1 at 5, 4 at 3.)   This request is construed as

seeking injunctive relief.

To obtain injunctive relief, a plaintiff "is required to plead and prove, *inter alia*, 'a substantial

likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A,

2011 WL 3874860 at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*,

81 F.3d 597, 600 (5th Cir. 1996)).   Because dismissal of all Plaintiff's claims is warranted on the

merits, he cannot establish any likelihood of success on the merits.  *See id.* at *3.   Accordingly, any

---

[3]  The Texas Uniform Commercial Code (UCC) governs the procedure for establishing "holder" status.  *See* Tex. Bus. & Com. Code §§ 3.201, 3.203,and 3.204 (providing the requirements for the negotiation, transfer, and endorsement of negotiable instruments).

[4]  The Court may *sua sponte* dismiss this claim on its own motion under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice and an opportunity to respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).   The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond.  *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321 at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

request for injunctive relief should be denied.

**C.**      **Attorney**

Plaintiff does not allege in his pleadings any facts or causes of action relating to Attorney individually.  It appears that his only connection to this suit is that he represented RJT in the prior eviction proceedings; Plaintiff does not attribute any alleged wrongdoing to Attorney. Accordingly, Plaintiff fails to state a claim against him.  *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (explaining that even if a plaintiff proceeds *pro se*, his pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal).

### III.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600 at *2.  Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint since filing this action.  Nevertheless, his claims under TILA and for wrongful foreclosure fail as a matter of law and are premised on an incorrect legal

theory because TILA does not apply to residential mortgages such as the one in the instant case.  It

therefore appears that he has pled his best case, and an opportunity to amend is therefore unwarranted.

## IV.   RECOMMENDATION

Both motions to dismiss should be **GRANTED**, and all of Plaintiff's claims should be

dismissed with prejudice.

**SO RECOMMENDED** on this 8th day of December, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10